IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE MAUDE JACKSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | **7 : 95-CR-32-003 (HL)** |
| | : | |
| VS. | : | |
| | : | 28 U.S.C. ▪ 2255:  7 : 12-CV-90143 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Petitioner=s Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. ▪ 2255, filed on August 23, 2012, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 341).

The Petitioner was indicted in this Court on June 24, 1996, on charges of conspiracy to possess with intent to distribute cocaine and money laundering.  *U.S. v. Jackson*, Criminal Action No. 7 : 95-CR-32-003 (HL).  On November 10, 1997, the Petitioner was found guilty following a jury trial.  (Docs. 127, 132).  Petitioner was sentenced on February 12, 1998 to 210 months imprisonment followed by five (5) years of Supervised Release.  (Docs. 154, 166).

Petitioner filed a Notice of Appeal on February 27, 1998, but ultimately voluntarily dismissed the appeal. (Docs. 169, 201).  Petitioner filed her first Motion to Vacate under 28 U.S.C. § 2255 on August 28, 2000, which was denied by Order dated June 13, 2001.  (Docs. 247, 281).  Petitioner's subsequently filed Motion for Relief from Judgment (Doc. 302), Motion for Post Trial Relief (Doc. 315), and Motions to Reduce Sentence (Docs. 326, 336) were denied.

(Docs. 311, 317, 335, 340).  The Petitioner filed the presently pending Motion to Vacate on August 23, 2012, wherein she challenges the computation of her sentence.  (Doc. 341).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.  Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court.  Without authorization from the Court of Appeals, the District Court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

The Petitioner's presently pending Motion to Vacate challenges the substance of Petitioner's conviction and sentence, as she argues that she was wrongfully sentenced.  (Doc. 341).  In this regard, the Petitioner is challenging the original Judgment and her presently pending § 2255 motion represents a second or successive challenge to her original criminal conviction.  A § 2255

petition will be regarded as a "second" petition to the extent that it challenges a defendant's original conviction and sentence. *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000).

Therefore, inasmuch as this § 2255 motion represents at least a second challenge to Petitioner's underlying conviction and is not a challenge to any new Judgment regarding Petitioner's conviction or sentence, it is considered successive. *See United States v. George*, 188 Fed.Appx. 926 (11th Cir. 2006). Inasmuch as the Petitioner has failed to obtain proper authorization for filing this successive petition, this Court is without authority to entertain this second or successive challenge to Petitioner's conviction and sentence. Accordingly, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**. *United States v. Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the proper remedy is to dismiss the claims raised in the motion). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, she may include therein any arguments she wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 29th day of October, 2012.

                                                 s/ ***THOMAS Q. LANGSTAFF***
                                                 UNITED STATES MAGISTRATE JUDGE